NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1279

KAVEH ABDI

vs.

TOWN OF WATERTOWN & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Kaveh Abdi, appeals from the dismissal of his complaint pursuant to Mass. R Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  The facts are well known to the parties and will be addressed as necessary in the course of our discussion.

Our review of the allowance of a motion to dismiss a complaint under rule 12 (b) (6) is de novo.  Lanier v. President & Fellows of Harvard College, 490 Mass. 37, 43 (2022).  We accept all of the factual allegations in the complaint as true for purposes of the motion and draw every reasonable inference in the favor of the plaintiff.  Id.

---

[1] Kelly Donato.

This case arises from a reconstruction project the town of Watertown undertook in 2016 on Hillcrest Circle, a cul-de-sac on which the plaintiff owns a two-family residence. The proposed plan included repaving the street and installing curbing and sidewalk. Given the layout of the street and the properties prior to this project, the plaintiff, like other residents of Hillcrest Circle, parked his cars in his front yard. The project required each house to have a driveway and did not allow for front yard parking. If a curb were installed, at least without a curb cut, front yard parking would become impossible for the plaintiff. The plaintiff alleges that driveway parking is not possible for him because the driveway at his property is dangerously steep with a narrow entrance.

The plaintiff noticed that no curbs were installed in front of his neighbors' properties, and they have continued to park on their front yards. The plaintiff is a United States citizen of Iranian descent and the only person residing on Hillcrest Circle with a dark complexion.

The plaintiff asked the town's zoning enforcement officer, Michael Mena, why the neighbors are permitted to continue front yard parking, and how to obtain permission for himself. Mr.

Mena told the plaintiff that his neighbors were "grandfathered,"[2] and that he could seek a variance from the town. Abdi did so by applying to the zoning board of appeals of Watertown (ZBA) for variances on June 1, 2019, but his application was denied after a hearing on December 18, 2019. During the hearing, ZBA member Kelly Donato filed a motion to deny the plaintiff's petition for variances, and the ZBA granted her motion by a 4-0 vote. A certified copy of the ZBA's denial was filed with the town clerk on January 3, 2020.

The plaintiff appealed the denial to the Middlesex division of the Superior Court Department under G. L. c. 40A, § 17, on January 21, 2020. He did not include any argument about discrimination. Due to the COVID-19 pandemic, a bench trial was not held until June 17, 2022, before a judge of the Superior Court. Almost a year later, over three years after the denial of the variance, on March 23, 2023, the judge affirmed the decision of the ZBA, essentially finding that it had not erred

---

[2] As we noted in Comstock v. Zoning Bd. of Appeals of Gloucester, 98 Mass. App. Ct. 168, 172 n.11 (2020), we generally avoid using the term "grandfathering" to describe protection provided to a preexisting nonconforming use. We only use it here to accurately quote the plaintiff's account of what Mr. Mena told him.

in denying a variance.  That decision was not appealed to this court.[3]

After the bench trial but before the judge issued her decision, in November 2022, the plaintiff discovered what he believed to be a serious conflict of interest involving Kelly Donato, the ZBA member who moved to deny his variance.  The plaintiff discovered Donato was a resident of Hillcrest Circle

---

[3] We note that in the Superior Court decision in the G. L. c. 40A, § 17, appeal from the denial of the variance, the judge wrote, "[d]uring the trial it was disclosed that some of [p]laintiff['s] neighbors were successful in making a showing to the [t]own that they continuously used their front yards for parking beginning at a time before it became disallowed under the bylaw, and they were therefore protected as pre-existing, nonconforming uses ("grandfathered") pursuant to G. L. c. 40A, § 6, and the [t]own was prevented by the statute from prohibiting them from doing so; the [p]laintiff[] also had the option to attempt to make such a showing to the Town, and did not do so."
The complaint in the instant matter by contrast asserts that even now, the plaintiff is not aware of any mechanism that was or is available to him to assert that his property should be protected as a preexisting nonconforming use.  He asserts that there is no evidence that the other properties qualified for such protection, and he asserts that the zoning enforcement officer instructed him to apply for a variance, not to challenge the application of the new bylaw to him on the basis that parking in his front yard was a preexisting nonconforming use.
We express no opinion as to whether the plaintiff's prior use of his front yard for parking rendered him eligible to do so under G. L. c.  40A, § 6, nor do we express any opinion whether such a defense to application of the statute could be made now.  We do note that the plaintiff, who is self-represented here, was represented by counsel at the time of the trial, when these apparent disclosures were made, and that we have no information why no attempt was made at that time to seek protection of the provision that the town itself apparently claims provided protection to all other relevant residents of Hillcrest Circle.

4

until September 2016 when she sold her property to her brother-in-law.  She did not disclose that fact or recuse herself from participation when the ZBA considered the plaintiff's application for variances.  By contrast, another ZBA member who was a resident on Hillcrest Circle recused himself from the plaintiff's variance matter.  The plaintiff asserts that he came to believe that Donato's actions as well as the ZBA's denial were motivated by discriminatory animus.

On February 14, 2023, the plaintiff filed a charge of discrimination against the town and ZBA member Donato, with the Massachusetts Commission Against Discrimination (MCAD).  On June 27, 2023, the MCAD dismissed the charge as untimely.  The plaintiff appealed that decision by filing a request for preliminary hearing to the MCAD on September 18, 2023, and the investigating commissioner affirmed the dismissal on October 18, 2023.

The plaintiff subsequently filed the complaint in the instant case against the town and Donato in the Superior Court on November 13, 2023, alleging discrimination and several other constitutional violations.

On February 12, 2024, the town and Donato filed a motion to dismiss the instant case.  The same judge who affirmed the ZBA decision dismissed the complaint on September 17, 2024,

5

concluding that this action was time barred, and that the prior adjudication in the Superior Court was res judicata as to this action. The plaintiff has appealed.

Discussion. On appeal, the plaintiff argues that the action for discrimination is neither time barred, nor barred by principles of res judicata. He raises no argument about any of his other claims, nor did he below. We need address only the statute of limitations.

This action was brought on November 13, 2023. The parties agree that each of the claims contained in the complaint has a three-year statute of limitations. In the absence of any tolling, then, the cause of action for discrimination must have arisen on or after November 13, 2020, in order for this suit not to be time barred.

The plaintiff's argument with respect to the statute of limitations is based entirely on the date his claim accrued. He argues that his claim is not time barred because his claim did not accrue until at least one of two dates, each less than three years before this action was brought.

The plaintiff argues first that his cause of action did not accrue until the Superior Court affirmed the ZBA's action in March of 2023. There is no merit to this contention. The acts alleged to have been discriminatory were undertaken by the town,

6

the ZBA, or its member, Kelly Donato.  The decision of the judge was not a discriminatory act, nor did it make the defendant aware of any discriminatory act of which he was not aware prior to that time.  The cause of action for discrimination thus did not accrue on the date of the decision.

The second date the plaintiff raises is in November 2022 when, he alleges, he discovered ZBA member Kelly Donato's alleged conflict of interest.  Although there is a conclusory sentence in the plaintiff's brief asserting it, neither the complaint nor the briefs before us explain how discovery of the history of Donato's ownership and sale of the property, or of any conflict of interest, caused a claim of discrimination to accrue.  There is no explanation of how this discovery might have rendered the plaintiff aware of discrimination that he had not learned of before.[4]

Consequently, because the plaintiff has not shown that either of these events was the time at which the causes of action raised in this matter accrued, they are indeed time

---

[4] The defendant makes no argument here, nor did he below, that this discovery caused his claim under the due process clause to accrue, and we express no opinion on the question.

barred, and the judgment of dismissal is affirmed.

                              <u>So ordered</u>.

                              By the Court (Rubin,
                                D'Angelo & Toone, JJ.[5]),

                              Clerk

Entered:  February 2, 2026.

---

    [5] The panelists are listed in order of seniority.